Radio Corp. of Pennsylvania, Appellant, v. Frederick et al.

Argued April 30, 1930.

Before Trexler, P. J., Keller, Linn, Gawthrop, Cunningham and Baldrige, JJ.

*William Kaufman,* for appellant.

*Guy B. Hoge,* for appellee.

OPINION BY CUNNINGHAM, J., July 10, 1930:

Each of these minors—Henrietta Frederick (aged seventeen and daughter of Mary Frederick, appellee at No. 177, April T., 1930), Mary Clark (aged eighteen and daughter of Elizabeth G. Clark, appellee at No. 178, April T., 1930), William A. Service (aged nineteen and son of William J. Service, appellee at No. 179, April T., 1930), Florence Elwarner (aged twenty and daughter of Sadie Elwarner, appellee at No. 180, April T., 1930), and Lois Reno (aged eighteen and daughter of Mrs. L. E. Reno, appellee at No. 181, April T., 1930)—signed a separate application in writing for enrollment and instruction in a school conducted at Pittsburgh by the appellant in each of the above entitled appeals.

The applications were accepted by appellant and the applicants entered upon the course of instruction, but each withdrew from the school before the end of the terms specified in the respective applications and without having paid the full amount of the tuition therein stipulated.

Below the signature of the minor and above the acceptance of appellant, there appeared on each application (except in the Service case) the words: "Parent or guardian's signature if applicant is minor," followed by the signature of the mother of the applicant.

In the Service case the words were "Parent or guardian's signature of consent if applicant is minor," followed by the signature of the applicant's father.

These appeals arise out of efforts upon the part of the appellant to recover in the county court of Allegheny County from the respective parents whose signatures appear, in the manner above stated, upon the

applications of their children the balances of tuition remaining unpaid.

The action against Mary Frederick was tried without a jury and resulted in a judgment in her favor; in the cases against Elizabeth G. Clark, William J. Service and Sadie Elwarner the statements of claim were stricken from the record and the suits dismissed; and in the action against Mrs. L. E. Reno a motion for judgment in her favor upon the pleadings was granted.

Appellant then presented, in each case, a petition to the court of common pleas of Allegheny County for leave to appeal from the judgment of the county court.

From the orders of the common pleas refusing such allowance we now have these five appeals to this court.

As the contracts were substantially identical in form and as the same question is involved in each case, but one opinion will be filed.

The Frederick case, in which a trial was had, is typical. The application was drafted throughout in the first person singular—"I hereby make application for enrollment ...... I agree to pay," etc. It was signed by defendant's daughter at the office of appellant in the presence of one of its representatives who gave it to the daughter to take home for the purpose of securing her mother's signature. In the statement it was averred that the contract had been entered into between appellant and the mother; this was denied in the answer but it was admitted that the copy attached was a true copy of the writing. The tuition was fixed at $98 for a course of seventeen weeks, but the daughter withdrew from the school after about nine weeks' attendance; a total of $42 was paid on account and the suit was for the balance. Defendant denied in her answer that she ever obligated herself to pay for her daughter's instruction and averred that the payments on account were made by the daughter. It was admitted of record by counsel for defendant that the

daughter "did not quit attending classes of [appellant] through any fault of [appellant]." We therefore pay no attention to the controversy at the trial over the admissibility of certain testimony of the daughter to the effect that appellant promised, but failed, to secure employment for her. Furthermore, as the cases are being considered together, we think the main question, common to all, should not be complicated by placing any emphasis upon the fact (established by the evidence) that the defendant in this particular case was a married woman when she placed her signature on the application. The question for us is whether the common pleas erred in affirming, in effect, the conclusion of the county court that the parents who placed their signatures upon the applications did not thereby obligate themselves to pay appellant for the enrollment and instruction of their minor children but merely consented to their attendance at appellant's school and to the making of the contracts between appellant and their children.

The position of the trial judge in the county court is clearly expressed in that portion of his opinion refusing a new trial in the Frederick case in which he said: "Suit was entered against the defendant on the assumption that the writing is a contract with the mother for the education of her minor daughter. An examination of the agreement shows that the defendant did not sign it as principal, it having been signed by her minor daughter as such, and the language used in the agreement clearly shows that that was the intention.. The signature of the defendant as parent of the minor created no legal liability without it appearing that such was the intention, and there was no evidence either in the writing itself or in the oral testimony to support such a conclusion. ...... The most reasonable construction is that the parent signed the paper for the purpose of giving her consent to the minor's undertaking."

In the Service case the signature of the defendant was expressly designated in appellant's own language as a signature "of consent." Reference is made in the briefs to a similar action by appellant in the county court against Frank Szulkowski, upon a contract of the same nature as those here involved, in which that court held the parent liable and the common pleas dismissed his petition for leave to appeal. An examination of the opinion of the common pleas in that case clearly indicates that the conclusion there reached was based largely upon the admission by the defendant in his answer that "he signed certain papers for the purpose of admitting his two minor daughters to a course of instruction which [appellant] was teaching." No such admission was made in any of the cases now under consideration.

Upon a review of the records now before us we are not convinced that the construction placed upon the contracts by the county court was erroneous and we therefore dismiss the assignments to the orders of the common pleas refusing leave to appeal therefrom.

The orders are severally affirmed.